ESTATE OF GEORGE A. WHEELOCK, JULIA E. WHEELOCK, EXECUTRIX, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 12099, 13072. Promulgated October 8, 1928.

*Raymond S. Norris, Esq.*, for the petitioner.
*Frank T. Horner, Esq.*, for the respondent.

OPINION.

TRAMMELL: The only issue involved in these proceedings is whether the respondent erred in including in the gross estate of the decedent, as a transfer in contemplation of death, the value of the property transferred by him to his wife, Julia E. Wheelock, on September 12, 1921. There is no controversy between the parties as to the value of the property in question.

Section 402 of the Revenue Act of 1921 provides in part as follows:

That the value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property, real or personal, tangible or intangible, wherever situated—

    *        *        *        *        *        *        *

(c) To the extent of any interest therein of which the decedent has at any time made a transfer, or with respect to which he has at any time created a

trust, in contemplation of or intended to take effect in possession or enjoyment at or after his death (whether such transfer or trust is made or created before or after the passage of this Act), except in case of a bona fide sale for a fair consideration in money or money's worth. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death without such a consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title.

Inasmuch as the transfer in question was made approximately 14 months prior to the death of the decedent, there is a presumption under the statute that such transfer was made in contemplation of death.

The phrase " in contemplation of death " has been held to mean not that general contemplation of death which is present with all persons, knowing as they do that at some time they must die, but that state of mind or present apprehension resulting from some existing bodily or mental condition or other producing cause which leads to the conviction that death is to be anticipated within a reasonable time in the near future. *Meyer* v. *United States*, 60 Ct. Cls. 474; *Rea* v. *Heiner*, 6 Fed. (2d) 389; *Philip T. Starck, Executor*, 3 B. T. A. 514; *Joseph Edward Phillips*, 7 B. T. A. 1054.

Much evidence has been submitted as to the mental and physical condition of the decedent during the year 1922 and especially in the month of May of that year, but the record is very meager as to his mental and physical condition on September 12, 1921, the date of the transfer, nor does it disclose very much as to the facts and circumstances surrounding the transfer.

While the evidence indicates that up until the early part of May, 1922, Wheelock was acting rationally, the weight of the evidence is that he was suffering from the disease which caused his death at least as far back as September, 1921. One physician who examined him in May, 1922, testified that in his opinion he had had the disease for at least a year prior to that time. Another physician testified that when he examined him in May, 1922, the disease was in a very advanced condition. Another physician testified that paresis always terminates fatally, and, while it may cause death in as short a period as three months, it is generally accepted that the duration of the disease is from two to four years.

Although as a result of the proceeding in the Surrogate's Court in 1923 Wheelock was declared to possess testamentary capacity at the time he executed his will on January 12, 1922, we do not think that such a declaration would be inconsistent with the conclusion that Wheelock had paresis on September 12, 1921, that he knew that he had this disease and also knew of its fatal character. It is also to be observed that the will was made only four months after the transfer.

832

From a consideration of all the evidence in the case, we do not think that the petitioner has overcome the presumption created by statute that the transfer was made in contemplation of death.

In the petitioner's brief the statement is made that the value of the property involved was not a material part of the decedent's property when considered in connection with the whole of his estate subsequently bequeathed to his wife. We think, however, that it was a material part of the decedent's estate. See *Estate of R. H. Boggs*, 11 B. T. A. 824. From a consideration of the facts in these proceedings, we are of the opinion that the respondent did not err in including in the gross estate of the decedent as a transfer in contemplation of death the value of the property transferred by the decedent to his wife on September 12, 1921.

*Judgment will be entered under Rule 50.*