*93 OPINION.
Seawell:
The issue relates only to the question of whether the gifts of stock made by the decedent on or about May 27, 1926, were made in contemplation of death within the meaning of section 302 (c) of the Revenue Act of 1926, set forth in the margin.[1] We are not concerned with the gifts made prior thereto, but the respondent points out in his brief that they are of the same class.
It does not appear of record that the respondent ever determined from an investigation of the circumstances surrounding the transfers that the gifts were, in fact, made in contemplation of death. From the fact that he allowed an exemption of $5,000 for each gift it seems that he relied altogether on the conclusive presumption provision of section 302 (c). The petitioner points to this condition of the record and argues that, by showing that the clause seemingly followed by the respondent is unconstitutional (Heiner v. Donnan, 285 U.S. 312), its burden of proof has been met. It argues further that under the circumstances the respondent’s determination is not prima facie correct. In the case of J. Bertram Lippincott et al., Executors, 27 B.T.A. 735, we held, on the basis of similar facts, that the burden of proof did not shift from the petitioner to the respondent. In the case of First Natl. Bank of Boston v. Commissioner, 63 Fed. (2d) 685 (reversing in part 25 B.T.A. 612), the court, based upon a lack of showing that the Commissioner had, in fact, determined that the transfers in question were made in contemplation of death, held that the action of the Commissioner did not make out a prima facie case. This holding of that court, to which an appeal lies from our decision in this proceeding, would doubtless be followed if it were called upon to consider the question raised here. We need not pause, however, to attempt to reconcile the two decisions or pass upon the preliminary question raised by the petitioner, for we are convinced that there is affirmative proof in the record that the transfers made by decedent in this proceeding were in contemplation of death.
*94 The intent and meaning of the phrase “ contemplation of death ” is set forth in United States v. Wells, 283 U.S. 102, in which the court said :
» * ⅞ Transfers in contemplation of death are included within the same category, for the purpose of taxation, with transfers intended to take effect at or after the death of the transferor. The dominant purpose is to reach substitutes for testamentary dispositions and thus to prevent the evasion of the estate tax. * * * As the transfer may otherwise have all the indicia of a valid gift inter vivos, the differentiating factor must be found in the transferor’s motive. Death must be “ contemplated,” that is, the motive which induces the transfer must be of the sort which leads to testamentary disposition. * * *
The dominant motive of the decedent for the transfers in question here could not have been the carrying out of a policy of long standing to make substantial gifts to his children during his lifetime, for the record discloses no gifts of any kind prior to April 1923, when he gave to or for the benefit of each child 150 shares of stock of the Travelers Insurance Co. These were followed by like gifts of cash, aggregating $60,000, over a period of about two and one half years, and the large gift in question a little over three years later. It does not appear that any of the donees required the last gift to meet their individual needs. The gifts made prior thereto were substantial in amount and doubtless made the donees financially independent of the decedent if they were not already in that position. All of the gifts were made after the decedent retired from business and at a time when the annuity of $600 per month he was receiving was adequate to meet his personal needs. He was then past 80 years of age and had for several years been suffering from a heart disease from which there was no hope of recovery. While he might not have known that the disease would cause his death, he must have fully realized its seriousness because it had confined him to one floor the winter preceding the gift in question and was otherwise brought home to him in a forceful way.
The first gifts were made on the day the decedent executed his will and were in the same proportions as the donees were to receive the decedent’s residuary property under the will. The 1926 gifts were under consideration prior to and at the time the second codicil was written and indicate in a forceful way that the decedent regarded the two acts as part of one plan to dispose of his entire estate in contemplation of death. The net estate of the decedent five months after the completion of the gifts was about $88,000, an amount less than the specific exemption allowed by the statute. This indicates that the gifts left the decedent with a small estate in comparison with what it had been. On similar facts present in the case of Anneke v. Willcuts, 1 Fed. Supp. 662, the court said “ the fact that the transfers here involved were practically contemporaneous and closely connected *95 with, the execution of Mr. Anneke’s will, makes it difficult, if not impossible, to reach any other conclusion than that, taken together, they were all of a testamentary character.” See Estate of George A. Wheelock, 13 B.T.A. 828.
The frame of mind of the decedent at the time the gifts in controversy were made is also shown by the contents of the letter of May 27, 1926, to his children notifying them of the transfers. In his letter the decedent acknowledged his extreme old age and endeavored to impress upon the donees the fullness and success of his life and the real value of his gifts.
The petitioner points to the decedent’s correspondence and expressions during the later years of his life, together with an expenditure of about $10,000 in the spring of 1926 for an addition to his daughter’s summer home for his own convenience, as negativing any idea that he contemplated death. Answering a similar contention made in Clarence A. Neal et al., Executors, 16 B.T.A. 1058; affd., 53 Fed. (2d) 806, we said: <£ * * * but we do not regard them as conclusive of the issue before us, since man sometimes exudes optimism and courage when pessimism and fear exist within.”
From a consideration of all of the facts we are of the opinion that the gifts in question were made in contemplation of death.

Decision will be entered for the respondent.

 Sec. 302. (c) To tile extent of any interest therein of which the decedent has at any time made a transfer, by trust or otherwise, in contemplation of or intended to take effect in possession or enjoyment at or after his deatn, except in ease of a bona fide sale for an adequate and full consideration in money or money’s worth. Where within two years prior to his death but after the enactment of this Act and without such a consideration the decedent has made a transfer or transfers, by trust or otherwise, of any of his property, or an interest therein, not admitted or shown to have been made in contemplation of or intended to take effect in possession or enjoyment at or after his death, and the value or aggregate value, at the time of such death, of the property or interest so transferred to any one person is in excess of $5,000, then, to the extent of such excess, such transfer or transfers shall be deemed and held to have been made in contemplation of death within the meaning of this title. Any transfer of a material part of his property in the nature of a final disposition or distribution thereof, made by the decedent within two years prior to his death but prior to the enactment of this Act, without such consideration, shall, unless shown to the contrary, be deemed to have been made in contemplation of death within the meaning of this title.